FRANK v. DICKEY et al.

(Circuit Court of Appeals, Eighth Circuit. July 24, 1905.)

No. 2,191.

Bankruptcy—Attorneys' Fees—Attorney for Petitioning Creditors.

 After a petition in involuntary bankruptcy had been filed by certain creditors, an attorney filed a second petition against the debtor in behalf of other creditors, and also demurred to the first. The demurrer was sustained, but on leave given the first petition was amended, and an adjudication made thereon; the second petition being ignored. *Held*, that such attorney did not render services to the "petitioning creditors," within the meaning of Bankr. Act July 1, 1898, c. 541, § 64b (3), 30 Stat. 563 [U. S. Comp. St. 1901, p. 3447], and was not entitled to the allowance of a fee from the estate thereunder.

Appeal from the District Court of the United States for the Eastern District of Missouri.

On November 13, 1903, Dugald Crawford and John F. Crawford, partners as D. Crawford & Co., merchants in St. Louis, Mo., being insolvent, made a voluntary assignment for the benefit of their creditors; and on November 14, 1903, certain creditors of D. Crawford & Co., by the appellees, their attorneys, filed in the District Court of the United States for the Eastern Division of the Eastern District of Missouri a petition in involuntary bankruptcy, praying that said Dugald Crawford and John F. Crawford be adjudged to be bankrupts. On November 25, 1903, certain other creditors of D. Crawford & Co., by appellant, their attorney, filed in the same court another petition in involuntary bankruptcy, praying that said Dugald Crawford, John F. Crawford, and D. Crawford & Co. be adjudged bankrupts. On November 28, 1903, the creditors last referred to, by appellant, their attorney, filed in said court a demurrer to said first petition on the alleged ground that such petition did not state such a case as entitled the court to take jurisdiction and adjudicate the respondents bankrupts. The court, upon argument, sustained the demurrer; but granted leave to amend the petition. Such amended petition by the creditors represented by the appellees was filed by appellees December 24, 1903. and upon that amended petition the court on December 29, 1903, adjudged that Dugald Crawford and John F. Crawford, partners as D. Crawford & Co., and as individuals, were bankrupts within the true intent and meaning of the acts of Congress relating to bankruptcy, and thereupon the administration in bankruptcy of the estate of the bankrupts, which amounted to more than $600,000, was carried on under that adjudication. Nothing was done under the creditors' petition filed by the appellant as aforesaid.

On March 24, 1904, the appellant, Nathan Frank, filed with Walter D. Coles, the referee in bankruptcy, his petition, reciting the said proceedings and asking that an attorney's fee of $1,500 be allowed for the filing of said petitions in bankruptcy, and that one half thereof be paid to the firm of Finkelnburg, Nagel & Kirby, and the other half paid to the said Nathan Frank. On May 17, 1904, the appellees filed with said referee their petition, praying that they be allowed a reasonable fee for services rendered by them as attorneys for the petitioning creditors. These two petitions were heard by the referee July 18, 1904, pursuant to notice to the petitioners and to the trustee, and said referee on the same day made and entered his orders allowing the appellees the sum of $1,000 for services rendered by them as attorneys for the petitioning creditors, and directing the trustee to pay the same, and denying the prayer of the petition of the appellant, Nathan Frank. Afterwards, on July 28, 1904, the creditors who had made the petition in bankruptcy filed by the appellant as aforesaid filed with the referee their petition for a review by the judge of said orders so made by the referee. The referee duly certified and transmitted to the judge all the evidence, papers, and proceedings, including his findings and orders in the matter. And the judge upon due consideration on November 15, 1904, made and entered his order approving

and confirming the said orders of the referee, and allowing the appellees the sum of $1,000 for their services as attorneys for the petitioning creditors, and disallowing the appellant's petition for allowance. From this order this appeal is taken.

David W. Voyles (Nathan Frank, on the brief), for appellant.

Daniel N. Kirby (Finkelnburg, Nagel & Kirby and George C. Hitchcock, on the brief), for appellees.

Before VAN DEVANTER and HOOK, Circuit Judges, and LOCHREN, District Judge.

LOCHREN, District Judge, after stating the case as above, delivered the opinion of the court.

The last assignment of error objects to the amount allowed the appellees for services as attorneys for the petitioning creditors as excessive, taking into consideration a previous very large allowance made to the same attorneys for services rendered by them to the receiver in the matter of the same bankrupt estate. But that allowance was for entirely distinct and different services, of the nature and character of which we are not advised. That allowance for legal services rendered to the receiver, not having been questioned when made, must be presumed to have been proper and just, and can have no bearing on the consideration of the amount which should be allowed for the services rendered to the petitioning creditors. One thousand dollars seems a large allowance for such services, even in view of the unusually large estate of the bankrupts. But the appellees left the amount to be fixed by the referee on his judgment. With his knowledge of all that was done and of all the circumstances, he fixed upon that sum as the proper allowance, and this was approved by the judge. It is, besides, only two-thirds of what was named by the appellant as the value of the same services when he hoped to share in the allowance, and even now he does not assert that is too much, but only that it should be diminished because the same attorneys have obtained a large allowance for other and entirely different services. No one else objects to the allowance, and we will not under these circumstances attempt to revise it.

The remaining question is whether the appellant is entitled to share in this allowance. By Bankr. Act July 1, 1898, c. 541, § 64 (3), 30 Stat. 563 [U. S. Comp. St. 1901, p. 3447], among the debts which have priority is:

"One reasonable attorney's fee, for the professional services actually rendered, irrespective of the number of attorneys employed, to the petitioning creditors in involuntary cases."

The services of the attorneys for the petitioning creditors in instituting bankruptcy proceedings in any case and carrying them forward to the adjudication benefit equally, in proportion to what is owing to them, all the unsecured creditors of the bankrupt; hence the payment of their reasonable fee from the estate makes this expense fall equitably in the same proportion upon all such creditors. The jurisdiction of the court in any case is invoked by the filing of the first petition which is sufficient, or which can

be made so by amendment. It brings within the jurisdiction of the court, not only the bankrupt on the service of process, but also all his creditors. No additional petition by other creditors is useful or contemplated by the act of Congress. In this case the second petition, which was filed by the appellant for other creditors than those who had first petitioned, was ignored, and no action ever taken upon it. It was a useless paper. The adjudication was had alone upon the petition first filed by the creditors represented by the appellees, after it was by leave of court amended. Those creditors were, therefore, the only creditors on whose petition the court acted and made the adjudication, and they were the only petitioning creditors in the case within the meaning of the act. The petition filed by the appellant was a disregarded nullity. The appellant certainly did not become one of the attorneys for the petitioning creditors by demurring to their petition. That was an adversary proceeding, taken with the apparent intent of defeating their petition, and would have been successful but for the permitted amendment. The claim of the appellant is that, because by his demurrer he called the attention of the court and also of the appellees to the defects of the petition they had filed, resulting in its amendment on leave, he performed a meritorious service for the petitioning creditors, so that, although never retained or employed by them, and seeking in all that he did to defeat them and overthrow their petition, he should still, for the purpose of sharing in the fee which the statute allows to their attorneys, be held to be one of their attorneys in the proceeding. The relation of attorney and client rests upon contract of employment, and these petitioning creditors never employed the appellant. In litigation, counsel often receive valuable suggestions from opposing counsel, which, as in this case, were not intended, when given, to be helpful; and they do not, because of such suggestions, feel bound to share their fees with such opposing counsel.

The order and judgment are affirmed.